It was further proven on the part of the plaintiff that Carter was in possession for seven years and upwards, and also that after his possession *Page 65 
the said Hays was in possession for a great length of time before he sold to Dewey, and used the land by getting timber off it; that Dewey was possessed two or three years, and that Long was possessed for some time; and that during the time of Hay's possession Carter frequently declared that he had conveyed it to Hays.
The defendant on his part set up a title as follows: That one James McNeil obtained a judgment for debt and costs against the executors of Blake Baker, the elder, and took out execution thereon, tested in April, 1772, which execution commanded the sheriff that he should levy of the goods and chattels, lands and tenements in the hands of the executors, etc. And that by virtue thereof the sheriff sold the lands in question, and executed a deed for the same bearing date 22 February, 1773, to Joseph Montfort who by his will devised that his executors should sell; who sold accordingly to one Wilburn, who sold to J. Webb, who died leaving the defendant his heir at law. The judgment was obtained in April, 1772, and two pleas had been pleaded by the executors, to wit, plene administravit
and non assumpsit, and the jury gave their verdict upon the other plea only, and there was a suggestion on record that there were lands, etc. The deed to Montfort, when produced, described the land thus: "Known by the name of Hays, formerly given by James Carter to James Hays."
The whole weight of this labored case seems reducible to this question, What is the true construction of 5 Geo. II., ch. 7? I am of opinion this act meant to provide for two things: the sale of lands for debts, and the making them liable to all just debts in the hands of the heir; and I am of opinion that since the act of Geo. II. the same distinctions between real and personal property is to be kept up as before, and the lands, upon the death of an ancestor, descend to the heir, and personal chattels go to the executor as before; and lands in the hands of an heir are no more to be affected by an action or judgment against the executor than the personal estate in the hands of an executor are to be affected by a judgment against the heir. Their interests are totally distinct and separate.
As to the plaintiff's title, if a deed be lost, and the existence of it be proven, a copy, or if no copy, parol evidence may be given of the contents. If these proofs be satisfactory, they are to be received. The jury have heard some evidence for both these purposes. It is for them to consider of the weight it deserves to have; if satisfactory to them, they will find the plaintiff's title complete. *Page 66